Keith A. Fink, Bar No. 146841
Sarah E. Hernandez, Bar No. 206305
KEITH A. FINK & ASSOCIATES
1990 Bundy Drive, Suite 620
Los Angeles, California 90024
Telephone:   (310) 268-0780
Facsimile:    (310) 268-0790

Attorneys for Defendant
UBTECH ROBOTICS CORP erroneously
sued as UBTECH ROBOTICS CORP, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WILLIAM PIONTEK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UBTECH ROBOTICS CORP, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:20-cv-04023<br><br>[Los Angeles County Superior Court Case No. 20STCV07884]<br><br>**DEFENDANT UBTECH ROBOTICS CORP'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) [DIVERSITY]** |

- 1 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK OF COURT AND ALL PARTIES:

PLEASE TAKE NOTICE THAT DEFENDANT UBTECH ROBOTICS CORP erroneously sued as UBTECH ROBOTICS CORP, INC. ("UBTECH" and/or "Defendant"), hereby removes to this Court the state action described below.

On or about February 25, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled Piontek v. Ubtech Robotics Corp, Inc., Los Angeles County Superior Court Case No. 20STCV07884. (**EXHIBIT A** to the Declaration of Sarah E. Hernandez "Decl. Hernandez") On  or about February 25, 2020 a Civil Case Cover Sheet was issued. (**EXHIBIT B** to Decl. Hernandez) On or about February 25, 2020 a Notice of Case Assignment was issued. (**EXHIBIT C** to Decl. Hernandez)

Plaintiff claims to have effected service of his Complaint and Summons on or around April 3, 2020. (**EXHIBIT D** to Decl. Hernandez;  Plaintiff's Proof of Service of Summons is attached to Decl. Hernandez as **EXHIBIT E**) On or about February 28, 2020 a Notice of Case Management Conference was issued for June 24, 2020. (**EXHIBIT F** to Decl. Hernandez)

I.       **THERE IS DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES PURSUANT TO 28 U.S.C. § 1441(b)**

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (a)(2), and is one which may be removed this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different countries and the matter in controversy exceeds the sum of

- 1 -

$75,000, exclusive of interest and costs.

Complete diversity of citizenship exists in that Plaintiff is a resident of the County of Los Angeles, California. (Complaint at ¶3). As such, Plaintiff is a citizen of the United States.  UBTECH is a foreign citizen of China because its principal place of business in in China.  "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings. Hertz Corp. v. Friend, 559 U.S. 77, 78, (2010) Plaintiff concedes that Defendant UBTECH is "…the U.S. subsidiary of UBTECH Robotics Ltd., a Chinese AI and humanoid robotic company founded in Shenzen City in 2012." (Complaint at ¶7). UBTECH's"…parent company is China." (Complaint at ¶43).  UBTECH's principal place of business, i.e., the nerve center is in a foreign nation, China. UBTECH ROBOTICS CORP is incorporated in California and is located at 767 S. Alameda St., Suite 250, Los Angeles, California 90021. (Declaration of John Rhee ¶2 "Decl. Rhee")

UBTECH ROBOTICS CORP is a subsidiary of UBTECH ROBOTICS LTD. UBTECH ROBOTICS LTD is a Chinese corporation and is headquartered in China. The address of UBTECH ROBOTICS LTD is 16th & 22nd Floor, Block C1, Nanshan I Park, No. 1001 Xueyuan Road, Nanshan District, Shenzhen China. (Decl. Rhee ¶3)

UBTECH ROBOTICS LTD is the actual center of direction, control, and

- 2 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

coordination of Defendant UBTECH ROBOTICS CORP. The Senior Vice President and General Manager of UBTECH ROBOTICS CORP reports to the CEO in China, James Zhou. The majority of corporate decisions relating to Defendant UBTECH ROBOTICS CORP including but not limited to: financial budgets, spending, manpower, marketing, sales expenses, operations, year to year, product, product pricing branding and direction strategy, is determined by UBTECH ROBOTICS LTD in China. (Decl. Rhee ¶4)  The product that is sold is developed by the headquarters in China and shipped to the United States. The manufacturing of the product is done solely in China and shipped to the United States.  (Decl. Rhee ¶5) Based on the above facts, UBTECH ROBOTICS CORP's nerve center is located China. As such, complete diversity of citizenship exists because UBTECH ROBOTICS CORP's nerve center is in a foreign country.

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

In the 9th Circuit, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled." (Chavez v. JPMorgan Chase & Co. (9th Cir. 2018) 888 F.3d 413, 418)  This amount may include damages, compensatory, punitive, or otherwise, and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. (Chavez at 416)

In this present case, Plaintiff seeks relief that certainly exceeds the amount in controversy threshold of $75,000.00. Specifically, Plaintiff has brought a total of five (5) causes of action against Defendant alleging: (1) Whistleblower Retaliation (Labor Code § 1102.5); (2) Wrongful Termination in Violation of Public Policy; (3) Breach

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

of the Implied Covenant of Good Faith and Fair Dealing; (4) Unfair Business Practices (Bus. Prof. Code § 17200 et seq.); (5) Intentional Infliction of Emotional Distress.

Plaintiff has alleged that he was wrongfully terminated and as a result he: "brings this action against Defendants for economic, non-economic, compensatory damages, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5. Plaintiff also seeks punitive damages, where permitted by law." (Complaint page 2:23-28) Plaintiff has also alleged that he "…has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages…" (Complaint at ¶60) Plaintiff has alleged he has "…suffered and will continue to suffer psychological and emotional distress, humiliation, loss of income, employment benefits, and mental and physical pain and anguish…" (Complaint at ¶61, 66, 67, 72, 73)

Finally, Plaintiff's initial Demand Letter indicates that Plaintiff himself values this case in excess of $75,000. In the Ninth Circuit, a plaintiff's settlement demand is relevant in assessing the amount in controversy and is not barred by the Federal Rule of Evidence 408. (Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F.3d 837, 840). Such evidence may by itself be sufficient to establish the jurisdictional minimum. (Id.) Moreover, the Ninth Circuit Court has rejected "the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."

- 4 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

(Cohn, at 840) "We agree with the district court that Rule 408 is inapplicable because this evidence was not offered to establish the amount of [defendant's] liability, but merely to indicate [plaintiff's] assessment of the value of the [claim]." (Id.)

Thus, this court must consider Plaintiff's settlement demand set forth in his Demand Letter. (**EXHIBIT G** to Decl. Hernandez) Specifically on or about May 14, 2019, Plaintiff stated that:

"…Mr. Piontek has suffered significant damages including emotional distress, monetary losses, loss of benefits, medical costs, harm to his professional reputation, attorneys' fees and costs. As a result, Mr. Piontek is demanding the following for settlement of his all of his claims against UBTECH…

- Pain and suffering damages in the amount of $400,000.00.
- Loss of front and back pay in the amount of $800,000.00.
- Compensation for stock options promised by not delivered at $250,000.00.
- Reimbursement of attorneys' fees and costs in the amount of $30,000.00." (**EXHIBIT G**, page 3)

Accordingly, Plaintiff has alleged that his estimated damages are at a minimum $1,480,000. It is clear from Plaintiff's demand that he has valued this case to be well in excess of $75,000. Because this Demand Letter mirrors the five allegations set forth in the Complaint, the relief Plaintiff Prayer for damages should to be determined to be in excess of $75,000. Based on the foregoing, Defendant denies liability but asserts that the amount sought by Plaintiff exceeds $75,000 as required by 28 U.S.C.

- 5 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Section 1332(a)(2).

Dated: May 1, 2020                         KEITH A. FINK & ASSOCIATES

                              By:    ___/s/*Sarah E. Hernandez*_____
                                     Keith A. Fink
                                     Sarah E. Hernandez
                                     Attorneys for Defendant
                                     UBTECH ROBOTICS CORP erroneously
                                     sued as UBTECH ROBOTICS CORP, INC.

- 6 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1990 Bundy Drive, Suite 620, Los Angeles, CA 90024.

On May 1, 2020, I served the document described as
1. **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**
2. **DECLARATION OF SARAH E. HERNANDEZ**
3. **DECLARATION OF JOHN RHEE**
4. **CIVIL CASE COVER SHEET**
5. **NOTICE OF JOINDER**
6. **NOTICE OF RELATED CASES**
7. **NOTICE OF INTERESTED PARTIES**
8. **PROOF OF SERVICE ON ADVERSE PARTIES**
on all interested parties in this action as follows:

[X]    by placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

**[X]    (E-SERVE) VIA ELECTRONIC SERVICE**

Reginald Roberts, Jr.
rroberts@sandersroberts.com
Eric S. Mintz
emintz@sandersroberts.com
Nina Zhang
nzhang@sandersroberts.com
SANDERS ROBERTS LLP
1055 West 7th Street, Suite 3200

[ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: May 1, 2020                    By:    */s/Ariana De La Luz*
                                              Ariana De La Luz

- 7 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT