UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04023 JAK (JEMx) | Date | May 19, 2020 |
|---|---|---|---|
| Title | Jeffrey William Piontek v. Ubtech Robotics Corp., Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**

On February 25, 2020, Jeffrey William Piontek ("Plaintiff") brought this action against Ubtech Robotics Corp. ("Defendant") in the Los Angeles Superior Court. Dkt. 1-2. The Complaint advances five causes of action, each of which arises under California law. *Id.* at 12-17. On May 1, 2020, Defendant removed the action on the basis of diversity jurisdiction. Dkt. 1.

Whether a corporation is incorporated in a state of the United States or in a foreign country, it "is deemed a [dual] citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c); *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992)). In support of its claim of diversity jurisdiction, Defendant contends that, although it is incorporated in California, its principal place of business is in China. Dkt. 1 at 3-4. However, under the general standard, Defendant would be considered a citizen of both California and China for the purposes of diversity jurisdiction. If so, there would not be diversity jurisdiction because Plaintiff is also a citizen of California. *See Nike, Inc.*, 20 F.3d at 990-991 (collecting cases concerning corporations that are dual citizens of a U.S. state and a foreign country).

Defendant also argues that its incorporation in California should be ignored, because: (i) its principal place of business is in China; (ii) its corporate decisionmaking and manufacturing operations are based in China; and (iii) it is a subsidiary of a company incorporated and headquartered in China. *Id.* at 3-4. The first two bases for jurisdiction fail because Defendant is a dual citizen given its incorporation in California. As to the third ground, the general rule "is that 'in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent.'" *Danjaq, S.A.*, 979 F.2d at 775 (quoting 1 James W. Moore et al., Moore's Federal Practice ¶ 0.77[2.-5] (2d ed. 1992)). "The only recognized exception to this rule is where the subsidiary is the alter ego of the parent corporation. Under these circumstances, courts view the formal separateness between the two corporations as merely a legal fiction." *Id.* (collecting authorities). Defendant has not argued that it is the alter ego of its Chinese parent company.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04023 JAK (JEMx) | Date | May 19, 2020 |
| Title | Jeffrey William Piontek v. Ubtech Robotics Corp., Inc. | | |

In light of the foregoing, an issue has been presented as to whether there is subject matter jurisdiction over this action. Therefore, Defendant is Ordered to Show Cause why this action should not be remanded to the Superior Court for that reason. Defendant shall file a response to this Order to Show Cause, not to exceed five pages, on or before May 26, 2020. Plaintiff may file any reply, not to exceed five pages, on or before June 1, 2020. The matter will be taken under submission as of that date.

**IT IS SO ORDERED.**

                                                                                                                                                                                            :

Initials of Preparer      cw